GUY HAMMOND *vs.* CONSOLIDATED RENDERING COMPANY.

Aroostook.    Opinion November 30, 1926.

*Where services are admittedly performed without expectation of compensation, even though without such admission the relation of debtor and creditor might have been presumed, the person performing such services cannot recover.*

In the case at bar, although there may have been evidence to warrant the jury's finding that there was no understanding or agreement that the services were to be performed without compensation, in view of the admission of the plaintiff that he had no expectation of compensation, until just before the services terminated, the jury in finding for the plaintiff the amount of the verdict must have misunderstood the law.

On motion for new trial.  An action of assumpsit, one count on account annexed and a second count on a quantum meruit, to recover for boarding and pasturing certain horses, property of defendant. Defendant contended that plaintiff retained the horses to use for their keeping and had no expectation of being paid anything for either services or supplies for the horses.  A verdict of $1710 was rendered for plaintiff and defendant filed a general motion for a new trial. Motion sustained.  New trial granted.

The case is fully stated in the opinion.

*W. R. Roix,* for plaintiff.

*Cook, Hutchinson & Pierce,* for defendant.

SITTING:  WILSON, C. J., PHILBROOK, DEASY, STURGIS, BASSETT, JJ.

WILSON, C. J.  An action of assumpsit to recover for the boarding and pasturing of certain horses alleged to be the property of the defendant company.

In 1922, the plaintiff, who was then indebted to the defendant for fertilizer furnished the previous year to the amount of $1374.32, gave to the defendant his note for the amount, secured by a mortgage of certain chattels, including six horses. In February, 1923, not being able to meet his obligation, the chattel mortgage was foreclosed, his right of redemption expiring in the ordinary course, April 27, 1923.

The horses and other chattels, consisting mainly of farm machinery and carts, remained in the possession of the plaintiff until September 30, 1925. It is for the care and keep of the horses during the period between April 27, 1923 and September 30th, 1925 that the plaintiff seeks to recover in this action. The jury awarded a verdict for $1710, and the case is brought to this court on a motion for a new trial on the usual ground.

Two reasons are assigned by the defendant why the motion should be sustained: first, because the chattels were left with the plaintiff with the express understanding that he might have the use of them until the defendant called for them, and no charge should be made for their keep, and with the further understanding that, in the meantime, by paying up his debt, they would be restored to him; and second, that, in any event, they were kept by the plaintiff without any expectation on his part of compensation.

Upon the first point the evidence was conflicting. And while there is much evidence in corroboration of the testimony of the defendant's attorney, who foreclosed the mortgage, that the chattels were left with the plaintiff with the distinct understanding that no charge for their keep should be made, it is unnecessary to decide whether the motion should be sustained on this ground.

As to the second reason urged by the defendant in support of its motion, that the defendant, at least until sometime in the Summer of 1925, had no thought or expectation of receiving any compensation for the care and keep of the horses, it has the virtually conclusive support of the plaintiff's own admission, and in addition his acts during the entire period. Although demand was repeatedly made upon him for the payment of his debt in 1924 and 1925 and additional fertilizer was refused him on credit, and he was unable to plant any potatoes for the market during these years, he never suggested, until July, 1925, that he had a claim against the defendant, which it now appears was considerably more than enough to pay all his indebtedness to the defendant.

While it is true, as urged by the plaintiff's counsel, that where services are rendered or benefits conferred under conditions not inconsistent with that of debtor and creditor, the law implies an agreement to pay; it is equally true that when services are rendered or benefits conferred voluntarily without expectation of compensation on the part of the one rendering the service or of obligation to pay on the part of the one receiving the benefit, no contract or agreement to pay is implied. *LaFontain* v. *Hayhurst*, 89 Maine, 388; *Clary* v. *Clary*, 93 Maine, 220; *Leighton* v. *Nash*, 111 Maine, 525, 528; *Gordon* v. *Keene*, 118 Maine, 269.

In view of the plaintiff's own admission that he had no expectation of receiving pay for the care and keep of the horses, at least until July, 1925, it is clear that the jury's verdict must have been either the result of some bias or prejudice or they must have misunderstood the law.

Under the mortgage, the plaintiff was lawfully in possession even after foreclosure, until after demand by the defendant for possession. Counsel for plaintiff, however, contends that the defendant was repeatedly notified to remove the chattels. That it was a notice to this effect, however, is denied by the agents of the defendant to whom it is claimed it was given. From all the evidence, we think it is clear that such statements as were made by the plaintiff as to taking away the "stuff" were made in response to the demands of the defendant for payment, and in connection with a statement that he was unable to pay the note and, therefore, the defendant would have to "take the stuff," meaning the mortgaged chattels, as its only recourse to obtain payment of the note, and alone formed no basis for thereafter making a charge against the defendant for their keep in the light of his own testimony that he did not expect compensation and he had no intention of making a claim against the defendant until the Summer of 1925.

What effect, if any, the talk with the defendant's agent in July, 1925 had on his right to compensation for the remainder of the period the horses remained in the plaintiff's possession, we do not decide, but leave it for determination at another trial.

*Motion sustained.*
*New trial granted.*